**Edward LIESKE and Edward Johnson, Plaintiffs,**

v.

**Joseph T. MORLOCK, Kenneth T. Holbert, Harvey O. Miller, James J. Miller, and Donald G. Miller, individually and as Trustees of Murphy & Miller, Inc. Profit Sharing Trust, and Joseph T. Morlock and James J. Miller, as Plan Administrator of the Murphy & Miller, Inc. Profit Sharing Trust, and Murphy & Miller, Inc., Defendants.**

No. 82 C 8001.

United States District Court, N.D. Illinois, E.D.

Sept. 19, 1983.

Robert Waicekauskas, Orland Park, Ill., for plaintiffs.

Paul C. Kimball, Jr., Mitchell E. Garner, Spindell, Kemp & Kimmons, Joseph Stein, Rothbart, Stein & Moran, P.C., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

BUA, District Judge.

Plaintiffs Edward Lieske and Edward Johnson bring this action against the defendant administrators and trustees[1] of the Murphy & Miller, Inc. Profit Sharing Trust (the "Trust") under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1381. The complaint alleges that plaintiffs were employed at Murphy & Miller, Inc. and were participants in and beneficiaries of the Trust as defined by § 3(7) and (8) of ERISA, 29 U.S.C. § 1002(7) and (8). On November 3, 1978, plaintiffs terminated their employment at Murphy & Miller, Inc. and shortly thereafter requested lump sum payments of their interests in the Trust from the defendants. Count I of the complaint is brought pursuant to § 502(a)(2), 29 U.S.C. § 1132(a)(2),[2] and charges that defendants wrongfully denied plaintiffs' repeated requests for lump sum payouts during 1979 and 1980 in violation of § 404 of ERISA, 29 U.S.C. § 1104.[3] Count II alleges that on numerous occasions during 1980 and 1981 plaintiffs requested information concerning Trust payout procedures from defendants. Count II further charges that defendants violated § 502(c) of ERISA, 29 U.S.C. § 1132(c),[4] by failing to

---

1. Joseph T. Morlock, Kenneth T. Holbert, Harvey O. Miller, James J. Miller and Donald G. Miller are sued individually and in their capacities as trustees of the employee benefit plan. Morlock and James J. Miller are also sued in their capacities as plan administrators.

2. Section 502(a), 29 U.S.C. § 1132(a), provides, in part:

   (a) A civil action may be brought...
   (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
   Section 1109 (29 U.S.C. § 1109) imposes personal liability upon fiduciaries for violations of ERISA.

3. Section 404, 29 U.S.C. § 1104 provides, in part:
   (a)(1) ... a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
   (A) for the exclusive purpose of:
   (i) providing benefits to participants and their beneficiaries;

4. Section 502(c), 29 U.S.C. § 1132(c), provides:
   (c) Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the

respond to these requests within the time provided by § 1132(c). Count III of the complaint charges that defendants wrongfully interfered with a newly formed business established by plaintiffs after their separation from Murphy & Miller, Inc. in 1978.

Defendants, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, have moved to dismiss plaintiffs' First Amended Complaint for lack of subject matter jurisdiction. Defendants assert essentially two grounds in support of their motion: (1) failure of plaintiffs to exhaust applicable administrative remedies and (2) failure of plaintiffs to demonstrate the existence of a case or controversy as required by Article III of the United States Constitution.

For the reasons stated herein, defendants' motion to dismiss Count I is denied; defendants' motion to dismiss Count II is granted in part and denied in part; and defendants' motion to dismiss Count III is granted.

■■■ Section 404 of ERISA, 29 U.S.C. § 1104, imposes upon fiduciaries of an employee benefit plan the duty to act in the best interest of the participants and beneficiaries under the plan. *Palino v. Casey,* 664 F.2d 854, 857 (1st Cir.1981). The substantive rights established under § 404 may be enforced by participants and beneficiaries through civil actions brought pursuant to § 502(a) of ERISA, 29 U.S.C. § 1132(a). Wrongful dishonor of an employee's legitimate request for a lump sum distribution of benefits is actionable under ERISA. *Frary v. Shorr Paper Products, Inc.,* 494 F.Supp. 565, 568 (N.D.Ill.1980).

■■■ Although § 502, 29 U.S.C. § 1132, does not expressly require a plaintiff to exhaust administrative remedies before bringing suit, it is within the trial court's discretion to apply the exhaustion doctrine in ERISA cases. *Kross v. Western Electric Co., Inc.,* 701 F.2d 1238, 1244 (7th Cir.1983).

However, two exceptions to the exhaustion requirement exist. First, exhaustion will be excused when resort to such procedures would be futile, and second, the exhaustion requirement is excused when a claimant is wrongfully denied meaningful access to administrative procedures. *Vaca v. Sipes,* 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Scheider v. U.S. Steel Corp.,* 486 F.Supp. 211, 213 (W.D.Pa.1980).

Defendants rely upon *Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980), for their argument that plaintiffs are required to exhaust administrative remedies as a prerequisite to filing suit. *Amato,* however, is not controlling in the instant case for two reasons. First, in *Amato* there was no claim that the defendant trustees breached fiduciary responsibilities as is alleged in the instant case. *Id.* at 568, n. 10. Several courts have indicated that the exhaustion requirement should be excused in civil actions for breach of fiduciary duty brought under § 502(a)(2), 29 U.S.C. § 1132(a)(2). *See Waits v. Weller,* 653 F.2d 1288 (9th Cir.1981); *Kross v. Western Electric Co., Inc.,* 534 F.Supp. 251, 253 (N.D.Ill.1982), *aff'd. in part, rev'd. in part,* 701 F.2d 1238 (7th Cir.1983). Second, and more importantly, *Amato* does not bar plaintiffs' claims because plaintiffs' complaint alleges facts sufficient to fall within an exception to the *Amato* exhaustion requirement.

■■■ Although defendants offer a significantly different version of the facts than alleged in the complaint, at this stage of the pleadings the Court is constrained to accept all material allegations as true and to construe them liberally in favor of the plaintiffs. *Illinois Migrant Council v. Campbell Soup Co.,* 519 F.2d 391, 394 (7th Cir.1975). Essentially, plaintiffs charge defendants with repeated refusals during 1979 and 1980 to honor their requests for lump sum distributions of their interests in the Trust. Furthermore, the complaint alleges

administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the courts' discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

that plaintiffs were wrongfully denied meaningful access to the Trust's administrative procedures and that further efforts on the part of plaintiffs to exhaust administrative remedies would be meaningless. The facts alleged, including numerous refusals by defendants to reply to plaintiffs' request for information during 1980 and 1981, if true, reasonably support plaintiffs' contention that further administrative efforts on their part would be futile. Additionally, defendants have failed to present evidence that administrative procedures exist that are adequate to resolve plaintiffs' claims. Therefore, the Court holds that plaintiffs have alleged facts sufficient to fall within the "futility" exception to the *Amato* exhaustion doctrine.

■ Defendants' second argument that the complaint presents no "case or controversy" within the meaning of Article III of the United States Constitution is without merit. Defendants argue that because plaintiffs ultimately received their lump sum distributions in 1981 their suit is now moot. The complaint, however, does not seek distribution of lump sum payouts but rather damages incurred by the plaintiffs as a result of defendants wrongfully denying the lump sum distributions and requested information concerning Trust procedures. Plaintiffs' complaint, therefore, presents an actual controversy between adverse litigants as required by Article III of the United States Constitution. For the above reasons, defendants' motion to dismiss Count I of the First Amended Complaint is denied.

■ Count II charges that defendants violated § 502(c) of ERISA, 29 U.S.C. § 1132(c), by failing to respond to the plaintiffs' numerous requests for information during 1980 and 1981. Although defendants assert in their memorandum that all of the plaintiffs' requests for information were responded to, such unverified assertions cannot sustain defendants' motion to dismiss. Section 502(c) grants the court discretion to render an administrator of an employee benefit plan personally liable up to $100 per day for wrongfully withholding information required to be disclosed under ERISA. The statute, however, provides only for liability on the part of an administrator and not trustees. Therefore, defendants' motion to dismiss Count II is granted as to defendant trustees Kenneth T. Holbert, Harvey O. Miller and Donald G. Miller, but denied as to defendant administrators Joseph T. Morlock and James J. Miller.

Count III is perplexing in that it essentially realleges the charges of Counts I and II and adds an allegation that defendants "intended to interfere and/or harm the [plaintiffs'] newly formed business." First Amended Complaint, ¶ 57(g). As no violation of ERISA has been asserted in Count III, plaintiffs apparently attempt to establish a separate cause of action against defendants based upon common law tortious interference with contract.

■ Under the doctrine of pendent jurisdiction, the Court may accept such a state law claim only if the state and federal claims derive from a common nucleus of operative facts. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Plaintiffs, however, have failed to allege facts sufficient to infer that defendants' tortious interference with plaintiffs' business was related to the conduct charged in Counts I and II. Therefore, Count III does not fall within the doctrine of pendent jurisdiction and defendants' motion to dismiss Count III is granted.

### Conclusion

For the reasons stated herein, defendants' motion to dismiss Count I is denied; defendants' motion to dismiss Count II is granted as to defendant trustees Kenneth T. Holbert, Harvey O. Miller, and Donald G. Miller, but denied as to defendant administrators Joseph T. Morlock and James J. Miller; and defendants' motion to dismiss Count III is granted.

IT IS SO ORDERED.