**Marguerite S. FARISS, Plaintiff,**

v.

**LYNCHBURG FOUNDRY, Defendant.**

Civ. A. No. 82–0046(L).

United States District Court,
W.D. Virginia,
Lynchburg Division.

Aug. 1, 1984.

Donald W. Huffman, Nate L. Adams, III, Bird, Kinder & Huffman, Roanoke, Va., for plaintiff.

Edmund M. Kneisel, Charles M. Rice, Kilpatrick & Cody, Atlanta, Ga., Bernard C. Baldwin, III, Robert C. Wood, III, Edmunds & Williams, Lynchburg, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case is before the court on the defendant's motion for summary judgment.[1] The parties have briefed the matter and the court has heard oral argument. The matter is now ripe for a decision by the court.

### I.

This lawsuit was originally filed by Ewell W. Fariss under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA) against the defendant, Lynchburg Foundry, on March 1, 1982. Mr. Fariss worked for the defendant from 1941 until his termination in April 1981. Plaintiff, however, received his full salary until September 1, 1981. Plaintiff also elected and received a lump sum payment of $64,742.85 under the defendant's pension plan in July 1981. Mr. Fariss subsequently died on September 13, 1983, and his widow and administratrix of his estate, Marguerite S. Fariss, was substituted as the plaintiff in this action.[2] The defendant has filed a motion for summary judgment, alleging that the action should be dismissed as there is no monetary claim for relief.[3] This issue is currently before the court.

### II.

■ In calculating damages, courts offset any pension awards against the wages which the employee could have earned if the employee had not been unlawfully terminated. See NLRB v. Baltimore News American Division, 590 F.2d 554 (4th Cir. 1979). Thus, Mr. Fariss's pension award of $64,742.85 must be used as an offset in calculating any award which the plaintiff could recover in this action. Since Mr. Fariss was paid his full wages until September 1, 1981, plaintiff would be entitled to recover only back wages from this date until Mr. Fariss's death on September 13, 1983. The amount of these wages is $42,000.00.[4] See · Plaintiff's Affidavit at 2. Plaintiff needs, however, an additional cognizable monetary claim of at least $22,742.86 [5] in order to have a monetary claim for relief.

■ Plaintiff asserts that as a result of the alleged unlawful discrimination that Mr. Fariss lost medical insurance benefits and life insurance proceeds which amount to over $40,000 and that this loss gives plaintiff a monetary claim for relief. See Plaintiff's Brief at 7. The court notes that Mr. Farris's insurance coverage decreased as a result of his termination, but that the defendant continued to provide insurance coverage for plaintiff. According to an affidavit submitted by defendant, defendant paid $5,085.28 in providing insurance coverage for Mr. Fariss after his termination, whereas defendant would have paid $6,422.98 if Mr. Fariss had remained an active employee. See Affidavit of Mary Dodgion at 4. This difference in the amount paid for insurance coverage is not enough to provide plaintiff a monetary

---

1. Since affidavits have been filed, the court will treat the motion to dismiss as one for summary judgment. The court had earlier taken this motion under advisement.

2. Plaintiff was also permitted to amend the complaint to include a breach of contract claim. This claim alleges that Mr. Fariss was promised lifetime employment by defendant. This pendent claim should also be dismissed since the federal claim is being dismissed. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

3. Since Mr. Fariss has died his claim for reinstatement is moot. Moreover, plaintiff seeks punitive damages but they are not allowed under the ADEA. See Murphy v. American Motors Sales Corp., 570 F.2d 1226 (5th Cir.1978). Thus, the only other claim left for adjudication is the one for monetary relief. (i.e., backpay and benefits).

4. Defendant maintains that the amount of back wages that Mr. Fariss would have earned is $39,500.00. See Mary Dodgion's Affidavit at 4. For summary judgment purposes the court will assume that plaintiff's representation is the correct one.

5. The court subtracted $42,000.00 from $64,742.85 and arrived at the figure of $22,742.85. Thus, the plaintiff needs one more cent or $22,742.86 to have a cause of action.

claim for relief.[6] Plaintiff argues, however, that the proceeds from the life insurance policy, which proceeds decreased from $42,000 to $2000 after Mr. Fariss' termination, should be used in calculating plaintiff's damages.

The court rejects plaintiff's argument and concludes that life insurance should be valued according to the cost in providing the coverage, and not according to the value of the life insurance proceeds. In an age discrimination lawsuit, the defendant employer should be held responsible for the money which it no longer expends on an employee's behalf, but not for any payout which an insurance company might make to an employee. The insurance company makes its own determination of whether to pay on a particular insurance claim, which determination is independent of any action by the employer. Thus, the court concludes that Lynchburg Foundry is not responsible for any decrease in life insurance proceeds which were potentially available to Mr. Fariss. Accordingly, since plaintiff does not have a monetary claim for relief, the defendant's motion for summary judgment should be granted.[7]

An appropriate order consistent with this memorandum opinion shall be entered today.

6. Plaintiff does not assert that Mr. Fariss had to pay for medical claims which were not covered under his decreased medical insurance. Thus, plaintiff's loss under the medical insurance is for the lowered coverage and not for any unpaid claims. The court notes that even if there were unpaid medical claims that the same rationale would preclude reimbursement of these claims and precludes reimbursement for life insurance proceeds.

7. Plaintiff also asserts that after Mr. Fariss was terminated that the defendant offered its employees a new pension plan. The court notes that any such award under this plan would be speculative and thus not cognizable.