Doris WORSOWICZ, Executrix of the
Estate of Anthony Worsowicz

v.

NASHUA CORPORATION.

Civ. No. 83–386–D.

United States District Court,
D. New Hampshire.

June 28, 1985.

Mark T. Broth, Concord, N.H., for plaintiff.

Charles R. Parrott, Boston, Mass., and Francis L. Cramer, Nashua, N.H., for defendant.

## OPINION

DEVINE, Chief Judge.

In this action plaintiff Doris Worsowicz brings suit against defendant Nashua Corporation ("Nashua") alleging violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, wrongful discharge, and violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, arising out of Nashua's decision to terminate the employment of plaintiff's deceased husband Anthony Worsowicz in December 1982. Jurisdiction exists for the ADEA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 626, for the wrongful discharge claim under the doctrine of pendent jurisdiction, and for the ERISA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132. The amount in controversy, exclusive of interest and costs, exceeds ten thousand dollars. Currently before the Court are defendant's motion for partial summary judgment and plaintiff's objection thereto.

Under Rule 56(c), Fed.R.Civ.P., summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In this Circuit, the test to which a summary judgment motion must be put has traditionally been a stringent one. The moving party must affirmatively demonstrate that there is no genuine, relevant factual issue, and the Court must look at the record in the light most favorable to the opposing party and indulge all inferences favorable to that party. *Floyd v. Farrell,* 765 F.2d 1, 5 (1st Cir.1985); *Wilmot H. Simonson Co., Inc.,* 755 F.2d 217, 220 (1st Cir.1985); *General Office Products Corp. v. M.R. Berlin Co., Inc.,* 750 F.2d 1, 2 (1st Cir.1984); *Donovan v. Agnew,* 712 F.2d 1509, 1516 (1st Cir. 1983); *Gual Morales v. Hernandez Vega,* 579 F.2d 677, 680–81 (1st Cir.1978).

The pleadings and submitted affidavits reveal the following facts. After some forty years of employment with Nashua, Anthony Worsowicz was terminated on December 28, 1982. Mr. Worsowicz filed suit against Nashua in June 1983 but passed away in March 1984. Doris Worsowicz, his surviving spouse and administratrix of his estate, was subsequently substituted as the complaining party. *See* Rule 25(a), Fed.R. Civ.P.

While employed at Nashua, Mr. Worsowicz was entitled to group term life insurance, which at the time of his termination amounted to coverage totaling one hundred and thirty-seven thousand dollars ($137,-000). Plaintiff Doris Worsowicz was the named beneficiary under this insurance policy. Five months after his termination, Nashua requested that Mr. Worsowicz elect a retirement date and the form of his pension benefit payments, including conversion of his life insurance to paid-up life insurance in the amount of seventeen thousand four hundred dollars ($17,400). This election was to be made by May 31, 1983, but for reasons in dispute, the election was not made and Mr. Worsowicz was not included in Nashua's group life insurance program for retirees.

Pursuant to Nashua's Retirement Plan for Salaried Employees, the Nashua Pension Committee was responsible for administration of the retirement plan with the power to determine pension benefit rights of individuals. A booklet distributed to all salaried employees explained that an individual denied pension benefits could appeal that decision to the Pension Committee. Similarly, another booklet explained employee appeal rights and procedures in the event that life insurance benefits were de-

nied. Mr. Worsowicz did not pursue any of these administrative remedies prior to bringing suit in this court.

After termination, Mr. Worsowicz had difficulty obtaining information regarding his pension rights from Nashua. In January 1983 he sought pension information[1] from Nashua's Personnel Director without success. As part of his discrimination complaint with the New Hampshire Commission for Human Rights, Mr. Worsowicz requested that the Commission seek this pension information from Nashua. The Commission made the request of Nashua without success in April 1983. Mr. Worsowicz sought pretrial discovery of the pension information in September 1983, but did not receive the information until December 1983.

In its motion for partial summary judgment, Nashua first challenges plaintiff Doris Worsowicz's claim for damages under the ADEA related to her deceased husband's life insurance coverage. Plaintiff seeks to recover the full amount of the policy at the time of Mr. Worsowicz's termination. According to Nashua, plaintiff as administratrix has no claim to the full amount of the life insurance coverage under the ADEA, such claim being limited to the cost to Nashua of providing life insurance coverage. For the following reasons, the Court concludes that plaintiff's claim is limited to the value of the life insurance premiums, not the value of the life insurance proceeds.

■ After it has been established that an employer has discriminated against an employee in violation of the ADEA resulting in injury to the employee, the Act provides that

> [i]n any action brought to enforce this Act the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this Act, including without limitation judgments compelling employ-

ment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

29 U.S.C. § 626(b). The purpose of the ADEA is to end age discrimination in employment and to restore a victim of age discrimination to the economic position he would have occupied but for the unlawful conduct of the employer, and thus the governing principle in calculating damages is the concept of making the plaintiff whole. *Berndt v. Kaiser Aluminum & Chemical Sales, Inc.,* 604 F.Supp. 962, 964 (E.D.Pa. 1985); *Merkel v. Scovill, Inc.,* 570 F.Supp. 141, 144 (S.D.Ohio 1983). Damages available under the ADEA have been discussed in further detail by the First Circuit Court of Appeals in *Kolb v. Goldring,* 694 F.2d 869, 872 (1st Cir.1982):

> ■n its 'essential nature' an ADEA action is identical to a common law suit for back wages for breach of contract.... Unlike the tort plaintiff, the plaintiff suing under ADEA may recover only 'those pecuniary benefits connected to the job relation.' ... Damages are meant to put the plaintiff in the economic position he would have occupied but for the discrimination.

The Circuit noted that damages would include items of "pecuniary or economic loss such as wages, fringe, and other job related benefits." *Id., Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435, 1446 (11th Cir.1985); *Loeb v. Textron,* 600 F.2d 1003, 1021 (1st Cir.1979).

■ Plaintiff, as administratrix, has succeeded to Mr. Worsowicz's rights under the ADEA since his cause of action under that Act survived his death. *Asklar v. Honeywell, Inc.,* 95 F.R.D. 419, 423–24 (D.Conn. 1982). *See, e.g., United States v. Matheson,* 400 F.Supp. 1241, 1247 (S.D.N.Y.1975), *aff'd* 532 F.2d 809 (2d Cir.), *cert. denied,* 429 U.S. 823, 97 S.Ct. 75, 50 L.Ed.2d 85

---

**1.** Mr. Worsowicz sought the following: all current information relating to "insurance, medical and pension benefits", a "definite statement of the amount and form of the pension", and the

"1982 summary annual report". This request was copied to Nashua's Pension Plan Administrator and Director of Marketing.

(1976) (executor of decedent's estate stands in the same position as decedent). Accordingly, plaintiff's recovery under the ADEA is limited to the damages Anthony Worsowicz was entitled to receive as a victim of age discrimination. The Court is concerned herein with the loss of one particular employment benefit, the life insurance provided by Nashua to Anthony Worsowicz, and concludes, as a matter of law, that Anthony Worsowicz, and thus the present plaintiff, would only be entitled to recover the cost to Nashua of providing the life insurance coverage.

The Court finds the analysis in *Fariss v. Lynchburg Foundry*, 588 F.Supp. 1369 (W.D.Va.1984), persuasive in resolution of this issue. *Fariss* presents a factual background almost identical to the case *sub judice*. In *Fariss*, a terminated employee brought suit under the ADEA but died before trial. The employee's widow and administratrix was then substituted as the complaining party. The plaintiff in *Fariss* had received a lump-sum pension payment, and the Court, in order to determine if the plaintiff still had a monetary claim, offset the pension accrued against the wages and employment benefits which the deceased employee would have been entitled to but for the unlawful termination. The plaintiff in *Fariss* argued that the proceeds from her deceased husband's life insurance policy should be considered in the offset calculation of plaintiff's damages. The court rejected this argument, concluding that

> life insurance should be valued according to the cost in providing the coverage, and not according to the value of the life insurance proceeds. In an age discrimination lawsuit, the defendant employer should be held responsible for the money

which it no longer expends on an employee's behalf, but not for any pay-out which an insurance company might make to an employee. The insurance company makes its own determination of whether to pay on a particular insurance claim, which determination is independent of any action by the employer.

*Id.* at 1371.

The Court in the instant action similarly concludes that the pecuniary benefit derived by plaintiff from Nashua's provision of life insurance coverage is the amount of money plaintiff saved by not having to purchase life insurance coverage. In order, therefore, to make plaintiff whole and restore this lost pecuniary benefit, Nashua should only be obligated to the extent of the value of the life insurance premiums. As noted by one commentator in discussing the ADEA and recovery of damages related to employer-provided insurance policies, courts permit "reimbursement for any health, life or other insurance *premiums* which the employer would have paid but for the employee's discharge." 3 A. Larson and L. Larson, Employment Discrimination § 103.41(b) (1984) (emphasis added). *See, e.g., Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1185–86 (6th Cir.1983) (plaintiff suing under ADEA entitled to *cost* of health insurance); *Jacobson v. Pitman-Moore, Inc.*, 582 F.Supp. 169, 179 (D.Minn. 1984) (*cost* of replacing insurance benefits provided by defendant included in ADEA damage award). The Court accordingly grants Nashua's motion for partial summary judgment with respect to damages under the ADEA.[2]

In its motion for partial summary judgment, Nashua also challenges plaintiff's claims under ERISA which allege, first,

---

**2.** Plaintiff's claim for recovery of the life insurance policy benefits is brought only in her capacity as executrix of the estate and only under the ADEA, and the Court's ruling herein is accordingly limited to a determination of the parameters of damage recovery under the ADEA. *See* Plaintiff's Objection to Defendant Nashua Corporation's Motion for Partial Summary Judgment, ¶ 2 (Mar. 4, 1985). Because plaintiff states no claim for life insurance benefits in her capacity as beneficiary of the life insurance

policy or under the wrongful discharge claim, the Court does not reach the issue of whether plaintiff might be barred from recovery under New Hampshire common law. *See Howard v. Dorr Woolen Company*, 120 N.H. 295, 414 A.2d 1273 (1980) (in wrongful discharge case, administrator of deceased employee's estate has no claim to insurance proceeds where decedent's widow was beneficiary, and widow has no claim to benefits where policy was permitted to lapse).

that Nashua failed to provide requested pension information[3] between January and December 1983 in violation of 29 U.S.C. § 1132(c),[4] and, second, that the unlawful withholding of this information resulted in the denial of life insurance benefits for Mr. Worsowicz. According to Nashua, plaintiff is precluded from raising these ERISA claims because of a failure to exhaust administrative remedies.

■ While it is true that there is no statutory provision in ERISA mandating exhaustion of administrative or internal remedies prior to instituting suit under the Act, courts have generally applied the exhaustion doctrine to suits arising under ERISA. *See Wolf v. National Shopmen Pension Fund,* 728 F.2d 182, 185 (3d Cir. 1984); *Amato v. Bernard,* 618 F.2d 559, 566–68 (9th Cir.1980); *King v. James River-Pepperell, Inc.,* 592 F.Supp. 54, 55 (D.Mass.1984). The policy reasons for applying the exhaustion doctrine include reduction of frivolous lawsuits, promotion and consistent handling of benefits claims, resolution of claims disputes through non-adversarial proceedings, and avoidance of costly litigation. *Amato v. Bernard, supra,* 618 F.2d at 567; *Taylor v. Bakery and Confectionary Union,* 455 F.Supp. 816, 819 (E.D.N.C.1978). There are, however, recognized exceptions to the application of the exhaustion doctrine in ERISA

suits. Courts have held that either the futility of pursuing internal or administrative remedies or wrongful denial of access to internal remedies will excuse the requirement of exhaustion. *See Amato v. Bernard, supra,* 618 F.2d at 568; *Lucas v. Warner & Swasey Co.,* 475 F.Supp. 1071, 1074 (E.D.Pa.1979).

■ It is undisputed in the instant action that plaintiff's deceased husband did not pursue an administrative appeal of Nashua's decision to exclude him from its group life insurance program for retirees despite the existence of internal procedures at Nashua for just such an appeal. Plaintiff, while conceding that there was no exhaustion of administrative remedies, argues the futility of pursuing these remedies for two reasons: first, Nashua's Retirement Plan for Salaried Employees does not provide relief from a violation of 29 U.S.C. § 1132(c), the discretionary power to provide such relief residing with the Court, and, second, Nashua's failure to provide requested pension information deprived plaintiff of the opportunity to seek relief under the retirement plan's internal procedures. The Court does not agree with plaintiff's futility argument, and accordingly finds that the exhaustion doctrine operates to preclude jurisdiction over plaintiff's ERISA claims.

---

**3.** Plaintiff sought information pursuant to 29 U.S.C. § 1024(b)(4) and 29 U.S.C. § 1025(a). According to 29 U.S.C. § 1024(b)(4),

[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

According to 29 U.S.C. § 1025(a),

[e]ach administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information—

(1) the total benefits accrued, and
(2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable.

**4.** This section provides that

[a]ny administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the materials requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

It is not the Court's function to determine in the first instance questions of pension plan construction and coverage, these issues being left to pension committees by Congress through enactment of ERISA. *Brown v. Babcock and Wilcox Co.,* 589 F.Supp. 64, 68 (W.D.Tex.1984). Where courts have been confronted with issues of coverage and denial of pension benefits, they have strictly enforced the exhaustion doctrine to permit development of a full factual record prior to a federal suit, to take advantage of internal expertise, and to encourage settlement of the dispute before resorting to federal court. *Id.*

The Court similarly strictly enforces the exhaustion doctrine in the instant case. Plaintiff's claim that resort to internal remedies would be futile is not supported by the submitted affidavit. Looking at the facts in the light most favorable to plaintiff, the Court can only discern that Nashua delayed in releasing requested pension information. Nothing submitted leads the Court to conclude that it would have been futile for plaintiff to seek recourse through Nashua's internal procedures. Had plaintiff appealed to the Nashua Pension Committee, claiming that it missed the opportunity for retirement life insurance due to the pension plan administrator's dereliction of duty, it is possible that the dispute between the parties would have been resolved and that insurance benefits would have been restored by the Pension Committee. Whether or not the Pension Committee would have so acted, at this point, is open to debate. Delay in releasing information, alone, is not sufficient to establish futility in pursuing administrative remedies.[5] In addition, the policy reasons behind the operation of the exhaustion doctrine, such as encouragement of settlement and development of a factual record, lead the Court to conclude that resort to the judicial remedy under 29 U.S.C. § 1132(c) in the instant

case should be predicated upon exhaustion of internal remedies. The Court accordingly grants Nashua's motion for partial summary judgment with respect to plaintiff's ERISA claims.

In summary, the Court grants Nashua's motion for partial summary judgment with respect to damages recoverable under the ADEA claim, Count I, ruling that plaintiff's claim for life insurance benefits under the ADEA is limited to the cost of providing the life insurance coverage. The Court also grants Nashua's motion for partial summary judgment with respect to the ERISA claims, Count III, ruling that these claims are barred by plaintiff's failure to exhaust administrative remedies.

SO ORDERED.

---

5. The Court notes in passing that delay in releasing information was considered one factor in a finding of futility sufficient to excuse nonexhaustion of internal remedies in *Lieske v. Morlock,* 570 F.Supp. 1426, 1429–30 (N.D.Ill.1983). Critical to the decision in *Lieske,* however, un-

like the case *sub judice,* was the failure by defendant to present evidence of existing administrative procedures adequate to resolve plaintiff's claim. *Lieske* is accordingly not dispositive of the issue before the Court.