Guy H. FOSTER, Plaintiff,

v.

**EXCELSIOR SPRINGS CITY HOSPI-TAL AND CONVALESCENT CENTER, et al., Defendants.**

No. 84–0111–CV–W–9–5.

United States District Court,
W.D. Missouri, W.D.

March 17, 1986.

Arthur A. Benson, Benson & McKay, Kansas City, Mo., Michael R. Santos and Marvin E. Rainey, Overland Park, Kan. for plaintiff.

Lindsay K. McFerrin, Jackson & Bailey, Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court are the parties' motions for partial summary judgment on the issue of defendants' liability for life insurance proceeds if plaintiff successfully recovers on her late husband's claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* For the following reasons, plaintiff's motion is granted and defendants' motion is denied.

### Background

Guy H. Foster, the original plaintiff to this suit was employed by defendant Hospital from July, 1979, until March, 1983, at which time he was 60 years old. He filed this lawsuit on January 26, 1984, alleging violation of ADEA. Guy Foster died of a heart attack on March 7, 1984, and his widow, Mary Jane Foster, became the substitute plaintiff.

During Guy's employment, defendant Hospital paid premiums on a life insurance policy for Guy. The face amount of this policy was twice Guy's annual income, which at the end of his employment was $30,000.00. Plaintiff had always been the sole beneficiary of this policy.

Guy's medical history included a heart attack in June of 1974 and open-heart bypass surgery in March of 1982. This coupled with his age made procurement of a new life insurance policy after his employ-

ment with defendant Hospital ended, prohibitively expensive. As no one procured a new policy on Guy, he died without life insurance.

## Decision

There is no dispute that a claim for lost fringe benefits, including a life insurance policy, survives the death of an employee and would be appropriate. *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 964 (4th Cir.1985); *Dickerson v. Deluxe Check Printers, Inc.*, 703 F.2d 276, 279 n. 2 (8th Cir.1983). There is a split of authority, however, on the proper measure of value of the life insurance.

The Fourth Circuit in *Fariss, supra*, held that a plaintiff should only recover the value of the *premiums* paid, not the *proceeds*. The *Fariss* court felt that Congress did not intend "to transform employers into insurers merely because an insurance policy is part of the compensation for employment." 769 F.2d at 965. This analysis was followed in *Worsowicz v. Nashua Corporation*, 612 F.Supp. 310, 313 (D.C.N.H.1985).

On the other hand, two courts have analyzed the situation differently. In *Merkel v. Scovill, Inc.*, 570 F.Supp. 141, 146 (S.D. Ohio, 1983), and *Spagnuolo v. Whirlpool Corp.*, 550 F.Supp. 432, 433 (W.D.N.C. 1982), the courts said plaintiffs should not receive the value of the life insurance premiums because these are paid to the carriers, not to the employee. However, once a plaintiff is entitled to compensation, either because of a medical expense or, in this case, death, the employer must compensate in the full amount provided for by the coverage.

■ This Court acknowledges that an ADEA plaintiff has a general duty to mitigate his damages. The *Farris* court stated that "*in most cases*, the employee can easily avoid the risk of being uninsured by purchasing an individual policy of comparable value." (emphasis added) 769 F.2d at 965–66. The facts in the present case falls into the exception to the rule. Plaintiff submitted an affidavit of an independent life insurance agent of over 20 years who said in his opinion an individual with Guy Foster's history is generally uninsurable.

Defendant submitted no affidavit to the contrary, but argued that no evidence was offered by plaintiff that Guy was *completely* unable to obtain life insurance.

■ This Court finds that the make-whole nature of the ADEA requires a remedy which puts the employee in the position he would have been had there been no discrimination. Had Guy Foster died while employed by defendant Hospital, the plaintiff would have received $60,000.00 in proceeds. Even though the employee himself is now deceased, when employed he had the expectation and security of knowing his spouse would be financially taken care of through his life insurance. Clearly, it is the *proceeds*, not the *premiums*, that can make him whole in retrospect.

Accordingly, it is hereby

ORDERED that defendants' motion for partial summary judgment is denied; plaintiff's motion for partial summary judgment is granted; and in the event plaintiff successfully proves a violation of the ADEA, such life insurance proceeds may be recoverable.