Manuel DePINA, Plaintiff,

v.

**GENERAL DYNAMICS CORPORATION,**
Defendant.

Civ. A. No. 85–3887–Y.

United States District Court,
D. Massachusetts.

March 6, 1987.

John E. Devito, Wellesley, Mass., for plaintiff.

Henry M. Kelleher, Foley, Hoag & Eliot, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The plaintiff Manuel DePina ("DePina") was employed by the defendant General Dynamics Corporation ("General Dynamics") for eight years when he brought this action. He seeks reimbursement under a collectively bargained employee benefit plan ("Plan") for hospital expenses incurred from October 13, 1984 to November 3, 1984. General Dynamics refuses to reimburse DePina. This action was removed from the Massachusetts District Court of East Norfolk (the Quincy District Court) because it alleges a violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (1982). Before the Court are a motion to dismiss filed by General Dynamics and cross motions for summary judgment.

I.

On June 26, 1983, DePina, while driving under the influence of alcohol, was involved in an automobile accident in which another individual died. He was subsequently subject to judicial proceedings pursuant to which he was ordered to undergo treatment for his alcohol disorders. After a preliminary confirmation of his insurance coverage for the treatment with the Personnel department at General Dynamics, DePina entered the Beach Hill Treatment Center on October 13, 1984, and remained until November 3, 1984. At the time he entered Beach Hill, the admitting physician described DePina as a "binge alcoholic."

On November 20, 1984, DePina submitted a claim of $3,892.92, the amount of the hospital bill, for payment under General Dynamics' Plan. General Dynamics refused to reimburse DePina because (1) DePina's hospitalization was not at the recommendation of a physician but was court ordered, and (2) DePina did not enter the hospital due to any alcohol "sickness" as required by the Plan. General Dynamics has since added a third ground for the denial. It says it has a policy of not reimbursing its employees for any expenses incurred in lieu of incarceration. On April 3, 1985, DePina was notified of the denial of his claim. The notice consisted of an "explanation of benefits" form which is a preprinted form with DePina's name, address, claim number, charges submitted, and benefits payable typed in. Typed in at the bottom in bold capitals was "This service is not covered under your medical plan." On the reverse side, in small print, the basic appeal procedure is set out, although no address or telephone number is provided to enable an appellant to contact the proper official before whom an appeal is to be brought. Shortly thereafter, DePina obtained the assistance of counsel. After discussion between counsel proved futile, DePina filed this action in the Quincy District Court. DePina never followed the appeal procedure listed in either the Plan booklet provided to General Dynamics' employees or as set forth on the reverse side of his denial notice.

General Dynamics seeks to have this Court dismiss the action, or enter summary judgment, on the grounds that DePina failed to exhaust his administrative remedies and he is now barred from so doing since the appeal period expired. It also contends that its actions must be upheld as reasonable and not in violation of ERISA. DePina argues that his actions comported with the appeal procedure and in the alternative, if they did not, any resort to further procedures would have been futile. He submits further that the actions of General Dynamics are arbitrary and violative of ERISA.

## II.

■ A commentator has characterized the requirement of exhaustion of administrative remedies as akin to abstention—essentially a discretionary device whereby a court may elect not to exercise its jurisdiction in a particular circumstance. 4 K. Davis, *Administrative Law* § 26.1, at 404 (1983) ("When a court deems exhaustion desirable, it may say that it lacks jurisdiction to interfere, but when the question is a close one, a court may acknowledge that the result depends more on judicial discretion than on law."). The imposition of an exhaustion requirement as a predicate to ERISA claims has been the subject of considerable recent judicial opinion and academic comment. While ERISA is silent as to any such requirement, generally courts have applied the exhaustion requirement as being consistent with the legislative history of the Act. *See, e.g., Amato v. Bernard,* 618 F.2d 559 (9th Cir.1980) (seminal case first imposing the requirement); *Mason v. Continental Group, Inc.,* 763 F.2d 1219 (11th Cir.1985) (following *Amato* ), *cert. de-*

*nied,* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986).[1] Although the First Circuit Court of Appeals has not addressed this issue, two district courts in this circuit have approved of the requirement. *See Worsowicz v. Nashua Corp.,* 612 F.Supp. 310, 314–15 (D.N.H.1985) (adopting and applying requirement); *King v. James River-Pepperell, Inc.,* 592 F.Supp. 54, 55–56 (D.Mass.1984) (noted requirement but decided case on res judicata effect of earlier settlement—concerned with ERISA's goal of achieving final resolution of grievances at administrative level). In light of the overwhelming authority for such a requirement in cases of benefit disputes, this Court has little hesitancy in applying it in the present context.

■ The courts have created a few exceptions to the exhaustion requirement. It will be excused when resort to the administrative procedures would be futile, the claimant would suffer irreparable harm, or the claimant is wrongfully denied meaningful access to the procedures. *Lieske v. Morlock,* 570 F.Supp. 1426, 1429 (N.D.Ill. 1983). DePina argues only the futility exception. Before addressing his futility argument, however, this Court takes note of a possible procedural deficiency in General Dynamics' denial letter.[2]

■ Section 1133 of ERISA provides:

In accordance with regulations of the Secretary, every employee benefit plan shall—

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a

---

**1.** There is currently a conflict between the Courts of Appeals of the Ninth and Seventh Circuits as to whether the exhaustion requirement is applicable for substantive violations of ERISA as opposed to claims alleging a denial of benefits such as are presented here. *Compare Kross v. Western Electric Co.,* 701 F.2d 1238 (7th Cir.1983) *with Amaro v. Continental Can Co.,* 724 F.2d 747 (9th Cir.1984). That conflict is inapposite to the present litigation. *See generally* Note, *Civil Actions Under ERISA Section 502(a): When Should Courts Require That Claimants Exhaust Arbitral or Intrafund Reme-*

*dies?,* 71 Cornell L.Rev. 952 (1986) (discussing two types of ERISA challenges and applicability of exhaustion requirement).

**2.** Although DePina did not cite the particular statutory and regulatory passages allegedly violated, he did argue that the Employee Benefits Office of General Dynamics failed to "make abundantly clear the employee's right to appeal and assist him with it." Memorandum in Opposition to Defendant's Motion to Dismiss, at 2.

manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

The regulations promulgated by the Secretary of Labor to implement the statute provide:

A plan administrator ... shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

29 C.F.R. § 2560.503–1(f) (1980). The letter by General Dynamics fails to state the specific reasons for the denial, fails to refer to the specific provision of the plan on which the denial is based, and, while mentioning steps to be taken for review, fails to provide an address or telephone number of the person to contact to pursue an appeal. *See Wolfe v. J.C. Penney Co.,* 710 F.2d 388, 392 (7th Cir.1983) ("conclusory" reason for denial, failure to indicate information needed to appeal, and frugal information as to review procedure amounted to violation of § 1133); *Tomczyscyn v. Teamsters Local 115,* 590 F.Supp. 211, 215 (E.D. Pa.1984) (defendant's letter deficient as matter of law due to failure to include notice of appeal rights). The letter also fails to comport with General Dynamics' appeal procedure as set forth in its Plan booklet at 54 ("If a benefit is denied in whole or in part, you ... will receive a written notice which explains the reason for the denial and refers to the part of the

Plan on which the denial is based."). General Dynamics would apparently have this Court ignore these deficiencies due to the presence of counsel for DePina during the early stages of the period within which an appeal might have been taken. This Court rejects that proposition for the same reason it was rejected by the court in *Tomczyscyn.* "That [plaintiff was] represented by counsel does not require a different result; nothing in the regulations suggests that its application is limited to cases in which claimants have no other means of learning of their right to appeal." 590 F.Supp. at 214. The consequence of such procedural irregularities, however, is a more open issue.

In *Tomczyscyn,* though the court rebuffed the employee's futility argument, it granted summary judgment for the employer with leave to the plaintiff employee to commence an appeal under the plan and then to commence a second federal action if such appeal were denied. The court's decision was based upon the fact that certain evidence had not been presented to the plan trustees and therefore a complete record on the merits was not yet available for review. *Id.* at 215 (citing *Grossmuller v. International Union, United Automobile, Aerospace & Agricultural Implement Workers Local 813,* 715 F.2d 853 [3d Cir. 1983]); *Wolfe v. J.C. Penney Co.,* 710 F.2d 388 (7th Cir.1983) (to same effect).

■■■ While this Court agrees that either remanding to the plan administrator for further findings or, as in *Tomczyscyn,* dismissing with leave to the claimant to exhaust the process is normally the proper course of action, the present case does not conform neatly to either form. "[T]he exhaustion doctrine 'is not to be applied inflexibly, and courts are free to use their discretion, applying the doctrine, or not, in accordance with its purposes.'" *Ezratty v. Puerto Rico,* 648 F.2d 770, 774 (1st Cir. 1981) (citations omitted). Those purposes include permitting the agency or plan administrator to create a complete record, reducing frivolous suits, promoting consistent treatment, and minimizing judicial overload. Where, as here, the record is com-

plete, there is no hint of a frivolous claim, and the Plan's policies are well known already, those purposes are not effectuated by a remand. Concomitantly, here such action would cause DePina to expend needless resources for what appears to be a certain denial of his appeal. General Dynamics has made it apparent throughout this litigation that it intends to refuse any further claim by DePina, and that its refusal is consistent with its longstanding policy of denying any claims for reimbursement for hospitalizations in lieu of incarceration. The futility exception is particularly appropriate where the past pattern of an agency or administrator as well as its position on the merits of the current matter in litigation reveal that any further administrative review would provide no relief. *See* B. Mezines, J. Stein, and J. Gruff, *Administrative Law* § 49.02(4) (1985).[3] As General Dynamics' entrenched policy shows no signs of weakening and DePina's theory for recovery no sign of altering, this Court addresses the merits of DePina's claim.

### III.

The parties filed cross motions for summary judgment on the issue of whether General Dynamics' interpretation of the Plan was arbitrary and capricious. The arbitrary and capricious standard of review has been adopted by this Circuit in judging actions taken by plan administrators with respect to benefit claim determinations. *See, e.g., Palino v. Casey,* 664 F.2d 854 (1st Cir.1981); *Rueda v. Seafarers International Union of North America,* 576 F.2d 939 (1st Cir.1978); *cf. Toland v. McCarthy,* 499 F.Supp. 1183 (D.Mass.1980) (articulating standards for reviewing procedures followed by plan administrators). The substance of the test is, however, far from clear. The standard is not self-defining and has been applied inconsistently by different jurisdictions. Note, *Judicial Review of Fiduciary Claim Denials Under ERISA: An Alternative to the Arbitrary and Capricious Test,* 71 Cornell L.Rev.

986, 995 & n. 42 (1986) (comparing deferential standard of Third Circuit with more comprehensive factorial approach of Fifth Circuit and "structural defect" standard of Ninth Circuit). The First Circuit, in *Rueda,* stated that the courts "need not be convinced that the trustees' approach is the only one or the best way to plan and maintain the integrity of the fund. We need only be convinced that it is a rational one and is supported by a reasonable reading of the regulations." 576 F.2d at 943. While one might question whether this deferential formulation of the standard is appropriate considering ERISA's purposes, Note, *supra* p. 9, at 998–1002; *see also Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 3095, 87 L.Ed.2d 96 (1985) (Brennan, J., concurring) ("To the extent the Court suggests that administrators might not be fully subject to strict fiduciary duties to participants and beneficiaries in the processing of their claims ... I could not more strongly disagree."), that is a decision more properly within the ambit of the appellate court. Nonetheless, even given this deferential standard, this Court rules that General Dynamics' denial was arbitrary, capricious, and unsupported by a reasonable reading of the Plan.

General Dynamics denied DePina's claim on three grounds. First, it concluded that DePina's claim was contrary to the plain language of the Plan in that his hospitalization was not recommended by a physician. Second, it found that the hospitalization was not the result of a sickness. Last, General Dynamics' policy of refusing to provide benefits when the treatment is in lieu of incarceration prevented it from disbursing any payment to DePina.

▬ Under the Plan, employees are entitled to "all necessary and reasonable expenses actually incurred with the *recommendation or approval of a physician....*" (emphasis added). General Dynamics makes much of the emphasized lan-

---

**3.** Because of this Court's determination of the procedural deficiency and the attending futility of any further review, it need not address DePina's argument that General Dynamics should be estopped from alleging his failure to exhaust in light of the communications and representations between the parties.

guage. In a nutshell, it contends that since DePina's treatment was ordered by the court at the recommendation of a district attorney, he is not entitled to coverage. According to General Dynamics, the fact that DePina was admitted into the treatment center by an authorized physician is of no consequence. It argues that the hospital is like any business entity willing to provide services to any purchaser. This reasoning is flawed and simply unreasonable. The admitting physician accepted DePina and retained him for treatment and counseling for substance abuse from October 15, 1984 through November 3, 1984. An admitting physician satisfies the definition of physician under the Plan: i.e., "a physician or surgeon who is licensed to practice medicine or perform surgery." The "approval" of such a physician reasonably should satisfy the Plan requirements. DePina was later discharged at the recommendation of the same physician. This was not work rendered by an unlicensed physician or some form of cosmetic treatment, both of which are explicit grounds for exclusion under the Plan. DePina's treatment was necessary hospital care for an individual described on the intake assessment form as a "binge" alcoholic.

■ Second, on the issue of whether DePina suffered from a sickness, General Dynamics concedes that alcoholism is a sickness and that any medical treatment therefor will be reimbursed. *See* 42 Fed. Reg. 22686 (1977) (noting and accepting medical and legal consensus that alcoholism is a disease). It argues that DePina does not suffer from any alcohol sickness. In support of its position, General Dynamics directs the Court's attention to DePina's testimony wherein he stated that he "hadn't drank (sic) since the accident." The Court does not give much weight to this self-serving statement by an individual in apprehension of possible incarceration and the stigma, whether deserved or not, associated with being labeled alcoholic. Further, the intake assessment form characterized DePina as a "binge" type alcoholic, thereby connoting a drinking problem of a more sporadic nature as opposed to more chronic long-continued drinking. *Cf.* Mass.

Gen.Laws ch. 111B, § 3 (1983) (defining "alcoholism" as "a medically diagnosable disease characterized by chronic, habitual or *periodic consumption* of alcoholic beverages resulting in the (1) substantial interference with an individual's social or economic functions in the community, or (2) the loss of powers of self-control with respect to the use of such beverages") (emphasis added). General Dynamics also makes much of DePina's testimony that he does not consider himself an alcoholic and does not intend to resume attending Alcoholic Anonymous meetings. While his decision appears regrettable, it is not inconsistent with medical comment on the problem. "Alcoholics do not generally seek psychiatric help, and when they do they are unreliable patients and are prone to leave treatment before it has had a chance to help them with their personality problems." R. Gray, M.D., *Attorneys' Textbook of Medicine* ¶ 59A.20 (1986). Thus, this Court concludes that General Dynamics' interpretation of sickness so as to exclude DePina was unreasonable.

■ General Dynamics' final argument is that it has a long-standing policy of denying benefits when they were incurred in lieu of incarceration. DePina entered the Beech Hill Hospital in lieu of a state run program which would have provided less extensive treatment. He should not be penalized for such an effort, especially in light of General Dynamics' initial confirmation of coverage through conversations with DePina's counsel in the fall of 1984. Alcohol abuse, and drug abuse in general, have become issues of acute concern throughout the nation, and in this state in particular. Attempts to circumscribe the definition of the problem will not aid in its treatment. Even given the current deferential standard for reviewing decisions of ERISA plan administrators in this circuit, this Court cannot conclude that General Dynamics' action was reasonable and free from arbitrary and capricious decisionmaking. Therefore, this Court finds as matter of law that General Dynamics' refusal to reimburse DePina was unreasonable and,

there being no factual issues in dispute, enters judgment accordingly.

### IV.

As is evident from the Court's analysis, General Dynamics' motion to dismiss for DePina's failure to exhaust his administrative remedies is denied. For the same reasons, and upon reflection of the entire record, that part of General Dynamics' motion for summary judgment based upon the same theory is also denied. Finally, General Dynamics' motion for summary judgment on the grounds of its reasonable application of the Plan language is DENIED and the motion by DePina is GRANTED. Judgment shall enter for DePina in the amount of $3,892.92 with interest and costs.