Cathy CURRAN, Juarez De Souza Barboza, Ronald Day and all others similarly situated, Plaintiffs

v.

FEDEX GROUND PACKAGE SYSTEM, INC., and Fedex Ground Package System, Inc. d/b/a Fedex Home Delivery, Defendants.

Civil Action No. 08–10282–GAO.

United States District Court, D. Massachusetts.

Jan. 21, 2009.

**27.** *Lewis v. Gen. Elec. Co.,* 37 F.Supp.2d 55, 60–61 (D.Mass.1999).

Maydad D. Cohen, Harold L. Lichten, Shannon E. Liss–Riordan, Pyle, Rome Lichten, Ehrenberg & Liss–Riordan, P.C., Elianna J. Marziani, Goodwin Procter LLP, Boston, MA, for Plaintiffs.

John R. Parker, Jr., Kenneth D. Sansom, Robert Spotswood, Emily J. Tidmore, Spotswood, Sansom & Sansbury LLC, Birmingham, AL, James Rehnquist, Goodwin Procter LLP, Boston, MA, for Defendants.

## OPINION AND ORDER

O'TOOLE, District Judge.

The plaintiffs are "current and former delivery drivers of FedEx Ground Package System, Inc. or FedEx Home Delivery (collectively 'Defendants' or 'FedEx')." (Compl. ¶ 1.) According to the plaintiffs, FedEx utilizes a "sham business model, by which FedEx claims to 'hire' independent contractors, who are required to sign an Operating Agreement [with FedEx], who in turn 'hire' drivers to perform the pickup and delivery services for FedEx across the country." (Pls.' Opp'n to Defs.' Mot. to Dismiss 2.) The plaintiffs fall within the latter category; they are directly employed by persons who have operating agreements with FedEx. In brief, their claim is that they are in substance, if not in strict legal form, "employees" of FedEx, entitled to whatever benefits from FedEx that direct employees of FedEx would be entitled to.

The first count in the complaint invokes § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). An action may be brought under § 1132(a)(1)(B) by a "participant" in a plan "to recover benefits" and "to clarify" or "to enforce" rights under a plan. A "participant" is

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such or-

ganization, or whose beneficiaries may be eligible to receive any such benefits. *Id.* § 1002(7).

The gist of the plaintiffs' claim in Count I is that, despite the legal forms, they are properly considered "employees" of FedEx. As employees, they may be entitled to participate in an ERISA plan maintained by FedEx, although they do not identify any particular plan. Translated into ERISA terminology, they are claiming that they may be "participants" in an ERISA plan. Invoking § 1132(a)(1)(B), they seek to "clarify and to enforce their rights to ERISA benefits in whatever [employee benefit] plan for which they were eligible." (Compl. 5.)

The defendants have moved to dismiss Count I, arguing that because the plaintiffs have not identified any ERISA plan in which they are plausibly participants, they have failed to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) or, alternately, lack standing to bring such a claim, *id.* 12(b)(1).

■ The plaintiffs have sufficiently stated factual allegations in support of their claim that they are effectively "employees" of FedEx. (Compl. ¶ 13.) The plaintiffs have not specifically alleged that they are "participants" in any ERISA plan maintained by FedEx. They have not even alleged that FedEx maintains any ERISA plan. What the plaintiffs do say, essentially, is that *if* FedEx has any ERISA plan(s) for its employees, since they are employees too, they are entitled to benefits under any such plan(s). (*See id.* at 5) (referring to "whatever plan for which they were eligible").

This is not a sufficient statement of a claim for relief under the Federal Rules of Civil Procedure. Rule 8(a)(2) requires "a short and plain statement of the claim *showing that the pleader is entitled to*

*relief.*" (emphasis added). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more that labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citations omitted). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

The speculative level is precisely where the plaintiffs' ERISA claim is situated. The plaintiffs do not *allege* the existence of an ERISA plan under the terms of which they would, if deemed employees, be entitled to benefits, they *hypothesize* it. It is exactly that kind of "might be" pleading that the Supreme Court denigrated in *Twombly.* There, in claiming that the defendants had violated § 1 of the Sherman Antitrust Act, the plaintiffs alleged with some specificity facts tending to show that the defendants had acted with "conscious parallelism." *Id.* at 1962. The plaintiffs further alleged "upon information and belief that the [defendants] have entered into a contract, combination or conspiracy" in violation of the Act. *Id.* at 1962–63. Because under applicable antitrust law principles, "conscious parallelism" is not to be necessarily attributed to the existence of a conspiracy, the Court held that it was necessary for the plaintiffs to allege "some further factual enhancement" tending to show that a conspiracy was more than simply possible, but rather was plausible. *Id.* at 1966. In sum, the complaint must aver "enough facts to state a claim to relief that is *plausible on its face.*" *Id.* at 1974 (emphasis added).

■■ To state a claim for benefits under an ERISA plan that is "plausible on its face," the plaintiffs must do more than allege that they are employees of the defendants. *Edes v. Verizon Commc'ns, Inc.,* 417 F.3d 133, 137 (1st Cir.2005). While participants in a plan are necessarily employees, *see* 29 U.S.C. § 1002(b), it is not the case that employees are necessarily participants in a plan. ERISA does not require employers to establish plans at all, *see Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 91, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), nor, if they do, to make the plans available to all employees, *see Kolling v. Am. Power Conversion Corp.,* 347 F.3d 11, 14 (1st Cir.2003). Consequently, the plaintiffs must set forth sufficient factual allegations to make plausible a conclusion that they fall within the terms of a particular ERISA plan and, thus, are entitled to seek to enforce those terms under § 1132(a)(1)(B). They have not done so.

It might seem to some unfair to enforce the *Twombly* pleading rule against the plaintiffs. For instance, it might be objected that, where the defendants are holding the plaintiffs away at arms' length as non-employees, it is unreasonable to expect the plaintiffs to be able to gain access to information available to actual employee-participants in the putative plan(s) and, thus, be able to make the required factual assertions. This objection probably overstates any practical impediment to gaining information about employee benefit plans maintained by a large public company. In any event, the short answer to this objection is that the plaintiffs in *Twombly* were put in the same predicament. In effect, the Court insisted that they plead at least a modicum of facts about the existence of a secret conspiracy from which they were excluded. The Court did not invite an exception for practical difficulty.

■■ The plaintiffs ask to be allowed to replead if their current statement of the claim is found wanting. Ordinarily, leave

to amend a pleading is to be liberally granted when it is in the interest of justice to do so. *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 733–34 (1st Cir. 2007). Undue delay in seeking to amend is a reason why leave to amend might be denied, *see id.*, and the plaintiffs have known of the defendants' objection to the adequacy of the pleading for several months, but have made no attempt to allege additional facts to satisfy the *Twombly* standard. If the plaintiffs have information they could allege to satisfy the standard, but have held it back, they are guilty of undue delay. If they do not have the information, giving them leave to amend is futile. In either case, leave to amend should be denied.

■ There is another separate and sufficient reason for denying leave to replead Count I. Before asserting a claim under § 1132(a)(1)(B), the plaintiffs must exhaust any administrative remedies available under the applicable plan. *Madera v. Marsh USA, Inc.*, 426 F.3d 56, 61 (1st Cir.2005) (citing *Terry v. Bayer Corp.*, 145 F.3d 28, 40 (1st Cir.1998)). Even if the plaintiffs were to replead and allege more specifically that they are entitled to a remedy under § 1132(a)(1)(B) as participants in a particular plan, they would normally be required to exhaust any remedies available under that plan before filing suit. If still aggrieved after the exhaustion of available administrative remedies, they could then frame a complaint that directly addressed the outcome of the administrative process.

■ The plaintiffs' objection that it would be futile to pursue administrative remedies is unpersuasive. In the first place, their futility claim is merely "a blanket assertion, unsupported by any facts," and is, thus, insufficient to call the futility

exception into play. *Drinkwater v. Metro. Life Ins. Co.*, 846 F.2d 821, 826 (1st Cir. 1988). In claiming futility, the plaintiffs apparently assume that the decision-maker in an administrative claims process would be FedEx itself. (*See* Pls.' Opp'n to Defs.' Mot. to Dismiss 7) ("Plaintiffs' allegation of futility centers on the claim that FedEx has refused to classify Plaintiffs as employees."). Until a particular plan is identified, however, it cannot be known whether, under the terms of that plan, FedEx would be the decision-maker or whether the claims review responsibility would be assigned to a separate plan administrator. Their futility argument is inapplicable to a plan administrator that has not, as FedEx may have, already taken a position on the crucial issue whether the plaintiffs are employees of FedEx and thus participants in the relevant plan.[1]

The plaintiffs' objection that they have been denied access to plan documents and thus effectively denied access to administrative review is also unavailing. As an initial matter, this allegation does not appear in the complaint. The record also indicates only that plaintiffs made a single request for plan documents (over three years ago) and that FedEx said it would forward the request to the relevant plan administrators (indicating, by the way, that the plans were administered by others). (Pls.' Opp'n to Defs.' Mot. to Dismiss 9–10 & Ex. 9.) The plaintiffs say they did not receive a response, but it does not appear that they attempted any follow-up. Whether someone on the FedEx side merely dropped the ball or purposely gave the plaintiffs a stiff-arm cannot be determined from the minimal facts provided. Without more, on what little appears it

---

1. Even if FedEx were the decision-maker, "blanket" assertions of bias on the part of the employer have been held to be insufficient to excuse exhaustion of administrative remedies. *Madera,* 426 F.3d at 62–63; *Drinkwater,* 846 F.2d at 825–26.

cannot be said that the plaintiffs were "wrongfully denied meaningful access to the procedures" so as to be excused from the exhaustion requirement. *See DePina v. Gen. Dynamics Corp.*, 674 F.Supp. 46, 49 (D.Mass.1987).

Moreover, requiring the plaintiffs to pursue administrative remedies in the event that they could identify a plan in which they would be participants, if employees, would serve to create a record of the parties' contentions and the evidence in support of those contentions would form a sound basis for subsequent judicial review. The administrative process would likely sharpen the issues, provide a reasoned resolution of those issues (perhaps even in the plaintiffs' favor), and thus facilitate any later judicial review. *See Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 432–33 (D.C.Cir. 1994).

In summary, the plaintiffs have failed adequately to state a claim for relief in Count I as it is pled. If given leave to replead, the plaintiffs would nonetheless be required to exhaust administrative remedies before bringing suit. Only after such exhaustion could a proper claim be formulated. Accordingly, Count I must be dismissed.

In Count II, the plaintiffs seek a declaratory judgment that they are employees of FedEx and thus "entitled to all the rights and benefits of employment pursuant to the laws of the United States." (Compl. 6.) To the extent this claim is for a declaration of rights under ERISA, it must be dismissed for the same reasons Count I is dismissed. To the extent Count II seeks a declaration of the plaintiffs' rights under "laws of the United States," other than ERISA, it fails "to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. In addition, such vague pleading is not adequate to show that, as

to any laws other than ERISA, "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

■ Even if Count II could be thought to overcome those two hurdles, the Declaratory Judgment Act created an opportunity, not a duty, to resolve some legal disputes other than in a coercive action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). District courts have the discretion to decline to entertain a declaratory judgment claim when "considerations of practicality and wise judicial administration" counsel that course. *Id.* Those principles amply support a discretionary decision not to entertain a declaratory judgment claim that couches the right to prevail in "the laws of the United States" without elaboration or differentiation. Count II will also be dismissed.

Counts III through IX are founded in state law and are within this Court's jurisdiction only by reason of 28 U.S.C. § 1367. Because the only potential federal claims are being dismissed, there is no reason to retain jurisdiction over the state claims. *See id.* § 1367(c). They are dismissed as well.

For all the foregoing reasons, the defendants' motion to dismiss (dkt. no. 8) is GRANTED and the complaint (dkt. no. 1) is DISMISSED.

It is SO ORDERED.